IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| COREY LYNN WILCOX, #0242005, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:22-cv-322-JDK-JDL |
| JEFFREY BUELL, | § § § | |
| Defendant. | § § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Corey Lynn Wilcox, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

Before the Court is Defendant Jeffrey Buell's motion for summary judgment. Docket No. 53. On June 26, 2024, Judge Love issued a Report and Recommendation recommending that the Court grant Defendant's motion and dismiss this case with prejudice. Docket No. 59. Plaintiff timely objected to the Report. Docket No. 61.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other*

1

*grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Although Plaintiff failed to respond to Defendant's summary judgment motion, Plaintiff's objections attack Defendant's recitation of the events as false. Because Plaintiff is proceeding pro se, the Court will hold him to "less stringent standards." *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972). But as the Report explained, the non-movant bears the burden of submitting competent summary judgment evidence to defeat a properly supported summary judgment motion. Docket No. 59 at 6 (citing *Burleson v. Tex. Dep't of Crim. Just.*, 393 F.3d 577, 589–90 (5th Cir. 2004)). Unsworn pleadings are not competent summary judgment evidence. *See Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980) (per curiam) ("Although *pro se* litigants are not held to the same standards of compliance with formal or technical pleading rules applied to attorneys, we have never allowed such litigants to oppose summary judgments by the use of unsworn materials."); *Davis v. Fernandez*, 798 F.3d 290, 292 (5th Cir. 2015) (explaining that testimony offered in opposition to summary judgment that "was neither sworn nor declared under penalty of perjury to be true and correct, it was not competent evidence.").

Here, Defendant Buell's motion is supported by a sworn affidavit. Docket No. 53-1. Plaintiff's objections are neither sworn nor declared under penalty of perjury. Thus, his filing is not competent summary judgment evidence, and Plaintiff has failed to show that Defendant Buell is not entitled to summary judgment.

Further, even even if Plaintiff's objections were competent summary judgment evidence, Plaintiff's argument still fails. The Report determined that Plaintiff's injuries—a sore nose, a bad headache, and an increase of his mental health medication—were *de minimis*, and that Plaintiff failed to raise a genuine issue of material fact that he suffered more than *de minimis* injuries. *See, e.g., Buehler v. Dear*, 27 F.4th 969, 982–83 (5th Cir. 2022) ("As for the extent of the alleged bruises, abrasions, and mental pain, the district court remarked only that Buehler's 'injuries appear relatively minor' and 'are the type that the Fifth Circuit has held to be *de minimis*.' We agree."); *Brooks v. City of West Point*, 639 F. App'x 986, 990 (5th Cir. 2016) ("Brooks's additional allegation that he suffered an increase in his PTSD symptoms, which he does not support with medical evidence, does not suffice to survive summary judgment.").

Plaintiff's objections do not address this issue. The Magistrate Judge correctly found that Plaintiff's injuries were *de minimis*, and therefore insufficient to maintain a claim of excessive force. *See Solis v. Serrett*, 31 F.4th 975, 981 (5th Cir. 2022) (holding that Solis's injuries—"her back and wrists were hurt," described as "pulled pain," and mental anguish—were properly characterized as minor).

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court **OVERRULES** Plaintiff's objections (Docket No. 61), **ADOPTS** the Report of the Magistrate Judge (Docket No. 59) as the opinion of the District Court, and

**GRANTS** Defendant Buell's motion for summary judgment (Docket No. 53). Plaintiff's claims are **DISMISSED** with prejudice.

So **ORDERED** and **SIGNED** this **24th** day of **July, 2024.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE